# United States Court of Appeals for the Fifth Circuit

———————————

No. 23-40280

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2024

Lyle W. Cayce
Clerk

Iry Williams,

*Plaintiff—Appellant*,

*versus*

Lorie Davis; Dinia Green; William J. Wheat; Keith E. Gorsuch; Brenda Plantt; Unkown Utende, *Nurse*; Cynthia Goins; Medical Staff, *Beto Unit*; Steven Cizewski,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:20-CV-566

———————————————————————

Before Elrod, Haynes, and Douglas, *Circuit Judges*.

Per Curiam:*

Iry Williams, former Texas prisoner # 02160849, and current federal prisoner # 76503-080, moves for leave to proceed in forma pauperis (IFP) in this appeal from the dismissal of his civil rights complaint for failure to state a claim for relief. The motion is a challenge to the district court's

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

As a preliminary matter, we reject Williams's arguments that the district court erred in dismissing his complaint without holding a *Spears*[1] hearing or requesting that he provide a more definite statement of his claims through completion of a questionnaire or otherwise. Williams fails to allege what additional facts would have been gleaned through those means and how those facts would have averted dismissal or established a facially plausible constitutional violation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). More importantly, the district court advised Williams of the deficiencies of his complaint and allowed him to file—and he did indeed file—an amended complaint to plead his "best case." *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016); *see Day v. McDonough*, 547 U.S. 198, 210 (2006). We also reject, as simply being incorrect, Williams's argument that the district court erred by making credibility determinations, weighing evidence, and basing its decision on disputed facts.

Williams otherwise fails to address the district court's reasons for the dismissal of his complaint for failure to state a claim. Pro se briefs are afforded liberal construction. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed the decision. *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Because Williams has failed to challenge any factual or legal aspect of the district court's substantive disposition of his claims or the certification

---

[1] *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985), *overruled on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

that his appeal is not taken in good faith, he has abandoned the critical issue of his appeal. *See id.* Thus, the appeal lacks arguable merit. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Williams is WARNED that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).